## BEAKES v. PHOENIX INS. CO. OF HARTFORD.

(Supreme Court, General Term, Second Department. July 28, 1893.)

APPEAL—HARMLESS ERROR—INSTRUCTIONS.

An instruction that plaintiff should recover the entire amount of his claim, if a certain fact existed, is not prejudicial to defendant, where the instruction further states that, in the absence of such fact, plaintiff can have only a partial recovery, and the jury find for a part only of plaintiff's claim.

Appeal from circuit court, Orange county.

Action by Henry L. Beakes against the Phoenix Insurance Company of Hartford, on a lightning clause on a policy of fire insurance. From a judgment for plaintiff, defendant appeals. Affirmed.

The condition in the policy of insurance on which suit was brought was as follows: "Lightning. It is understood and agreed that this policy shall cover all direct loss or damage caused by lightning, meaning thereby the commonly accepted use of the term 'lightning,' and in no case to include loss or damage by cyclone, tornado, or wind storm." Plaintiff claimed that the property insured was struck by lightning, while defendant claimed that its destruction was at least partially the result of a wind storm.

Argued before BARNARD, P. J., and PRATT, J.

William Vanamee, for appellant.
William F. O'Neill, for respondent.

PRATT, J. The only questions seriously discussed are whether the circuit judge fell into error in his instructions as to the rule of damages, and, if error exists, whether it requires a new trial. The jury were told that, if lightning was the primary cause of the destruction, they might give a verdict for the whole damage sustained, $2,747; but, if lightning was not the primary cause of the destruction, they should give only such verdict as would compensate for the damage directly caused by lightning. Had the jury given a verdict for $2,747, we should have been compelled to carefully construe the language of the policy. It is, however, evident that the jury made the discrimination suggested by the court, and allowed a recovery for such portion of the loss as they believed to be caused by the direct action of the lightning, ascribing $1,647 of the loss to other causes. The question whether they could have properly given a verdict for the larger sum becomes unimportant. No other subject requires discussion. Affirmed, with costs.